|! GORBATY, Judge.
Robert John appeals the granting of a summary judgment in favor of Essex Insurance Company. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
Robert John is the former manager of the French Quarter location of the Louisiana Pizza Kitchen. On December 1, 1996, three of his co-workers were murdered at the restaurant. Mr. John filed suit against Gourmet Pizzas, Inc., d/b/a Louisiana Pizza Kitchen, making numerous claims for damages, including intentional acts by his employer.
Essex Insurance Company was Louisiana Pizza Kitchen’s commercial general liability carrier at all times relevant to this matter.[1] Essex filed a motion for summary judgment on December 3, 1998, on the basis that the policy issued to Louisiana Pizza Kitchen did not include coverage for Mr. John’s claims. The trial court denied summary judgment because it found that the insurance policy attached J^to the motion was not properly certified or countersigned, and, therefore, could not be relied upon as a basis for determining coverage.
To overcome the issues of material fact raised in Mr. John’s opposition to the first motion for summary judgment, Essex took the depositions of two employees of Forest Insurance Facilities, Inc. (FIF). On July 8, 1999, Essex filed a second motion for summary judgment, attaching thereto a certified copy of the insurance policy at issue and the depositions of the two FIF employees. The trial court granted the motion and this appeal followed.[2]
*1225 DISCUSSION:
“The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of every action .... The procedure is favored, and shall be construed to accomplish these ends.” La.Code Civ. Proc. art. 966 A(2). When the mover has submitted evidence establishing the absence of material factual disputes and that it is entitled to a judgment as a matter of law, “an adverse party may not rest on the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.” La.Code Civ. Proc. arts. 966 C(1), 967. Summary judgments are reviewed on appeal de novo, applying the same standard as used by the trial court. Magnon v. Collins, 98-2822, p. 5 (La.7/7/99), 739 So.2d 191, 195.
| ¡¡Mr. John claims that the trial court erred in granting a summary judgment previously denied by another judge. Our review of the record reveals that the second motion for summary judgment filed on behalf of Essex Insurance Company is not identical to the one denied by Judge Katz. Rather, attached as exhibits to the second motion are depositions and affidavits not included with the first motion. Thus, the motion granted by Judge DiRo-sa was based on different evidence than the motion ruled on by Judge Katz. Judge DiRosa did not “overrule” a previous judgment. This assignment of error is without merit.
Mr. John also alleges that the insurance policy attached to the second motion for summary judgment was not a properly certified copy, and was not properly countersigned, and, therefore, the trial court erred in relying on it as a basis for its ruling. We disagree.
Counsel for Essex deposed John Ponsaa, a claims manager for FIF, who testified that he personally assembled from his files the copy of the policy attached to the motion, and that it was a true and correct copy of the original. Both a copy of the deposition and Mr. Ponsaa’s affidavit attesting to the same facts were attached to the motion for the court’s review. Wayne Forest, an underwriting manager for FIF, gave deposition testimony that FIF did not retain a copy of the entire policy in its files. Rather, when a claim is made, the policy and all endorsements are assembled at that time. Further, only the original policy is stamped on the signature line with a facsimile of Wayne Forest, Sr.’s, signature. [ 4Thus, the copy produced for the court only indicated the date signed, but did not contain an actual signature.
We find this to be a plausible explanation for the lack of a countersignature on the copy in the record, and, further, accept Mr. Ponsaa’s uncontradicted testimony and affidavit attesting to the certification of the policy. Pursuant to La.Code Civ. Proc. arts. 966C(1), 967, Mr. John cannot rest on his allegations that the policy is not properly certified or countersigned. Rather, he must produce some form of evidence to controvert mover’s supporting evidence. He has not done so. Accordingly, we accept the attached policy as a true, correct and properly countersigned copy of the original.
The final issue raised by Mr. John is whether Essex properly delivered the original policy to the insured, Louisiana Pizza Kitchen, according to Louisiana law. Mr. John claims that the policy must be delivered timely to the insured, not to the agent, and a genuine issue of material fact exists as to whether this was done.
Essex argues that delivery of the policy to the agent is sufficient to satisfy the requirements of La.Rev.Stat. 22:634, which provides that “every policy shall be delivered to the insured or to the person entitled thereto within a reasonable period of time after its issuance.” (emphasis added) The question to be answered is whether or not the insurance agent of the insured is a “person entitled thereto” for purposes of the statute?
Mr. John relies on Louisiana Maintenance Services, Inc. v. Certain Underwrit *1226 ers, 616 So.2d 1250 (La.1993) in support of his position that delivery [fiupon the agent only is insufficient to satisfy the statutory requirements. We find this case distinguishable from the facts of the instant matter in that neither the agent nor the insured in Louisiana Maintenance received a copy of the policy prior to the incident, resulting in neither having notice of the exclusions in the policy.
We find Pruitt v. Great Southern Life Ins. Co., 12 So.2d 261, 202 La. 527 (La. 1942), to be more on point with the case sub judice. The sole issue before the Court in Pruitt was whether a policy was actually delivered to and accepted by the insured. The facts reveal that a policy was issued by Great Southern and mailed to the insured’s agent. The agent held the life insurance policy for four days, during which time the insured was killed in an accident. The insurance company refused to pay because the terms of the contract provided that the policy would not take effect until it was actually delivered to the insured while in good health. The Court explained that delivery of an insurance policy may be actual or constructive. Actual delivery is not essential, unless expressly made so by the terms of the agreement. Id. at 262 (emphasis in original) More importantly, the Court stated:
Whether an insurance policy has or has not been delivered after its issuance so as to complete the contract and give it binding effect does not depend upon its manual delivery to, or possession by, insured, but rather upon the intention of the parties as manifested by their acts or words. The test of a sufficient delivery is whether the company or its agent intentionally parts with control or dominion of the policy or places it in the control or dominion of the insured or some person acting for him with the purpose of thereby making a valid and binding contract of insurance.
Id. (emphasis added).
(fiWayne Forest, Jr., testified that when a policy of insurance is issued, the complete original policy and a copy are sent to the agent. A cover letter addressed to the agent is mailed explaining that the original copy is for the insured and the copy is for the agent’s file. It was Mr. Forest’s position that his company, the broker for Essex, never dealt directly with the insured, but, rather, worked with the agent. In his opinion, the agent, Insurance Underwriters, Ltd., was responsible for forwarding the original policy to the insured, Louisiana Pizza Kitchen.
Mr. John argues, however, that a recent decision of this Court instructs that the insurance company, the broker, and the agent are to be considered one entity, and, therefore delivery to the agent cannot be considered delivery to the insured. We find the issue addressed in Fleming v. American Automobile Ass’n., Inc., 99-1638, p. 8 (La.App. 4 Cir. 6/21/00), 764 So.2d 274, 280, inapposite to this case. The issue in Fleming was whether the insurance company, the broker and the agent could be held in solido for plaintiffs damages. This Court reasoned that because each of those entities shared in the premium paid by plaintiff, they all assumed the responsibility of honoring the contract of insurance.
However, the question we address is whether Insurance Underwriters, Ltd., can be considered an agent of the insured for purposes of delivery of the policy, not whether Essex, FIF and Insurance Underwriters can be held liable for plaintiffs damages. Our review of the policy indicates that the terms of the policy dictate that Insurance Underwriters be considered Louisiana Pizza Kitchen’s agent. The policy contains an “Agent of the Insured Clause,” which provides:
Forest Insurance Facilities, Inc. is a licensed surplus lines broker or general agent of the insurance ^company that is named on the declarations page of this policy [Essex Insurance Company],
*1227 Any party or parties (including retail insurance agents, brokers or premium finance companies) procuring this policy or any endorsement or renewal thereof, shall be deemed to be the agent of the insured and not agent of Forest Insurance Facilities, Inc. or the insurance company that is named on the declarations page of this policy, in any and all transactions and representations relating to this insurance.
In addition to this policy clause and the testimony of Wayne Forest, it was revealed in oral argument that this is a renewal policy, the original having been issued several years before the subject incident. Thus, it would appear that it was common business practice for Insurance Underwriters to accept delivery of the policy on behalf of Louisiana Pizza Kitchen. Mr. John has produced no evidence, such as affidavits or deposition testimony of the insured, as required by the Code of Civil Procedure, to controvert the supporting evidence introduced by Essex.
Accordingly, we affirm the judgment of the trial court granting Essex Insurance Company’s motion for summary judgment.
AFFIRMED.

. Essex is an insurance company not licensed to do business in Louisiana, and, therefore, must act through a broker. Forest Insurance Facilities, Inc., is Essex’s broker. Insurance Underwriters, Ltd., is Louisiana Pizza Kitchen’s insurance agent.

. The first motion was heard by the late Judge Robert A. Katz, who was elected to this Court after hearing the motion. The second motion was heard by Judge Louis A. DiRosa, judge pro tempore.